NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. MICHAEL LUSTIG, AKA George, Defendant-Appellant. | No. 14-50549 D.C. No. 3:13-cr-03921-BEN-1 MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted January 8, 2016
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and MOTZ,** District Judge.

In a concurrently filed opinion in this case, we address Lustig's primary

contentions on appeal and affirm in part, reverse in part, and remand for further

proceedings. We address here Lustig's other arguments, none of which we find

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable J. Frederick Motz, District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

availing.

In addition to the arguments discussed in our opinion, Lustig advances several meritless arguments against application of the good-faith exception to the exclusionary rule. Contrary to Lustig's vague contentions, the fact that this Circuit and the Supreme Court had indicated that changes in modern technology might affect Fourth Amendment analysis did not render it unreasonable to follow the blanket holding of *United States v. Robinson*, 414 U.S. 218, 235 (1973). *See Davis v. United States*, 564 U.S. 229, 232 (2011) ("[S]earches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule.").

Nor do Lustig's accusations that the officers here engaged in "recurring or reckless misconduct" in the course of the sting operation say anything about whether the officers could reasonably have relied on *Robinson* in conducting cell phone searches incident to arrest. Applicability of the good faith exception is an objective legal question, *see Davis*, 564 U.S. at 239 ("The question in this case is whether to apply the exclusionary rule when the police conduct a search in *objectively* reasonable reliance on binding judicial precedent.") (emphasis added). Whether the officers searched two phones or twenty does not change whether

2

*Robinson* provided a reasonable basis to believe such searches were constitutional.

Lustig also suggests that the searches "may have" violated federal statutes governing wiretaps and stored electronic communications, but he fails to explain this argument sufficiently to place it before us. *See Maldonado v. Morales*, 556 F.3d 1037, 1048 n.4 (9th Cir. 2009) ("Arguments made in passing and inadequately briefed are waived.").

We also deny Lustig's request to remand this case for an evidentiary hearing with regard to the "the timing and breadth" of the searches of the Pocket Phones and "the joint federal/state nature of the operation." The Government does not contest the facts alleged by Lustig—that the Pocket Phones were searched once at the time of arrest and again four days later, and that the officers were cross-designated as federal-state agents—and we have assumed these allegations to be true for purposes of our analysis.

Finally, we reject Lustig's contention that *United States v. Burnette*, 698 F.2d 1038 (9th Cir. 1983), does not apply to the stationhouse searches of the Pocket Phones. Lustig argues that *Burnette* is inapplicable because the Government failed to show that the phones remained in the police's uninterrupted custody for those four days. There is no indication, however, that the officers,

3

after lawfully seizing the phones and knowing that the phones contained evidence of prostitution activity, relinquished custody only to retrieve them four days later.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**